

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Hubert G. Wright
Assistant County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. O-1017
Re: Under the facts set forth, is the
county judge entitled to additional
compensation for each day that he
actually serves as chairman of the
commissioners' court?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"1. Willacy County being a county of
10,499 population according to the census
of 1930, and its officers being paid on fee
basis, is the County Judge thereof, who re-
ceives a salary of $195.00 per month from
the county, entitled to additional compensa-
tion for each day that he actually serves
as chairman of the Commissioners' Court
thereof?

"2. If he is entitled to such additional
compensation, is the amount thereof set by
statute, and if so set, what is such amount?

"3. If not so set, how and by whom is
such amount determined?

Article 3883, R. C. S., reads in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each...."

Section 3 of Article 3926, R. C. S. as amended, reads as follows:

"For presiding over the Commissioners' Court, ordering elections and making returns thereof, hearing and determining civil causes, if any, and transacting all other official business not otherwise provided for, the County Judge shall receive such salary from the County Treasury as the Commissioners' Court may allow him by order, payable monthly from the General funds of the county, provided, that in counties having $290,000,000.00 assessed valuation, or more, and which have established therein institutions for the care of both dependent and delinquent boys and girls, the County Judge shall receive as ex-officio salary, not to be accounted for as fees of office, and in addition to all amounts allowed under the Maximum Fee Bill, the further sum of $3,000.00 per annum, payable monthly out of the general funds of the county."

Article 3895, R. C. S. provides that:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services

to county officials when the compensation and
excess fees which they are allowed to retain
shall reach the maximum provided for in this
chapter. In cases where the compensation and
excess fees which the officers are allowed to
retain shall not reach the maximum provided
for in this chapter, the Commissioners' Court
shall allow compensation for ex officio ser-
vices when, in their judgment, such compensa-
tion is necessary, provided, such compensation
for ex officio services allowed shall not in-
crease the compensation of the official beyond
the maximum of compensation and excess fees
allowed to be retained by him under this chap-
ter. Provided, however, the ex officio herein
authorized shall be allowed only after an oppor-
tunity for a public hearing and only upon the
affirmative vote of at least three members of
the Commissioners' Court."

Article 3891, R. C. S., reads in part as fol-
lows:

"Each officer named in this Chapter shall
first out of the current fees of his office pay
or be paid the amount allowed him un er the pro-
visions of Article 3883, together with the sal-
aries of his assistants and deputies, and
authorized expenses under Article 3899, and the
amount nexessary to cover costs of premium on
whatever surety bond may be required by law. If
the current fees of such office collected in any
year be more than the amount needed to pay the
amounts above specified, same shall be deemed
excess fees, and shall be disposed of in the manner
hereinafter provided.

"In counties containing twenty-five thousand
(25,000) or less inhabitants, District and County
officers named herein shall retain one-third of
such excess fees until such one-third, together
with the amounts specified in Article 3883, amounts

"to Three Thousand Dollars ($3,000). Precinct
officers shall retain one-third until such
one-third, together with the amount specified
in Article 3883, amounts to Fourteen Hundred
Dollars ($1400)....."

The only statute now in force referring directly
to compensation due a county judge for presiding over the
commissioners' court is sub-division 3, Article 3926, supra.

Under Articles 3883 and 3891, R. C. S., the maxi-
mum fee for the county judge of Willacy County is Three
Thousand ($3,000) Dollars. Article 3885, supra, provides
for compensation for exofficio services debarring allowance
thereof when the compensation and excess fees reach the maxi-
mum provided by law.

The One Hundred and Ninety-five ($195.00) Dollars
ex officio monthly salary allowed by the Commissioners'
Court compensates the county judge for presiding over the
commissioners' court, ordering elections and making returns
thereof, and transacting all other official business not
otherwise provided for.

You are respectfully advised that it is the opin-
ion of this department that the county judge of Willacy
County is not entitled to additional compensation for pre-
siding over the commissioners' court. As we have answered
your first question in the negative, it is not necessary
that we answer the questions Nos. 2 and 3.

Trusting that the foregoing answers your inquiry,
we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED JUL 8, 1939
AW:AW

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN